IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Crim. No. 11 CR 00158
                                          **ELECTRONICALLY FILED**

LARRY DORSEY

        Defendant.

## **MEMORANDUM OPINION**

**I.    Introduction**

Pending before this Court is the Government's Motion for De Novo Hearing before District Court for Revocation of Order of Release. Doc. No. 106. The Court has thoroughly reviewed the Government's Motion, the Government's brief in support (doc. no. 124), Defendant's brief in opposition to the Government's Motion (doc. no. 135), and the transcript of the detention hearing of Larry Dorsey conducted by United States Magistrate Judge Maureen P. Kelly on August 18, 2011 (doc. no. 108), wherein Magistrate Judge Kelly granted Defendant's request for release pending trial and set numerous stringent conditions of release (including substance abuse treatment and home detention with electronic monitoring). The appeal is now ripe for disposition. In light of Defendant's important liberty interest, the Court's review has been expedited.

**II.    Background**

The one-count Indictment in this criminal action alleges a drug conspiracy to distribute and possession with intent to distribute a quantity of Oxycodone, a Schedule II controlled substance, and names Defendant Dorsey, and seven (7) other Co-Defendants. Dorsey is charged

with one count of conspiracy to distribute 50,000 or more pills of Oxycodone, pursuant to 21 U.S.C. § 846. If convicted, Dorsey faces a maximum of 20 years imprisonment.

On August 18, 2011, following a lengthy detention hearing (the transcript of which the Court has thoroughly reviewed), United States Magistrate Judge Maureen P. Kelly denied the Government's request that Defendant Dorsey be detained pending trial. Magistrate Judge Kelly entered an order releasing Dorsey on an unsecured $50,000 bond, requiring that he install a landline telephone in his residence in the Southern District of Florida, placing him on electronic monitoring (via Radio Frequency monitoring), and restricting travel to only the Southern District of Florida and the Western District of Pennsylvania (surrendering passport).

On August 19, 2011, the Government filed a notice of appeal from Magistrate Judge Kelly's order, and requested a *de novo* hearing (either in the form of a record review or a formal hearing) before this Court in order to seek revocation of the release order and granting of the Government's request for pretrial detention in accordance with the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*

In particular, the Government emphasizes that under the Bail Reform Act, 18 U.S.C. § 3142(e)(2), the oxycodone conspiracy crime with which Dorsey is charged creates, "a rebuttable presumption," which arises when "no condition or combination of conditions will reasonable assure the safety of any other person and the community." The Government contends that based upon the evidence presented at the detention hearing, Dorsey was required to overcome the presumption that no condition, or combination of conditions, reasonably exist to protect the community, and Dorsey has failed to rebut the presumption. The Government focuses its appeal on the issues surrounding the seriousness of the crime, the weight of the evidence, and it attempts to poke holes in the reasoned Judgment of Magistrate Judge Kelly, that Defendant's personal and

family history, and lack of propensity for flight, are entitled to the weighty consideration these factors received by Magistrate Judge Kelly.

In opposition, Dorsey asserts that the Order of Magistrate Judge Kelly should be affirmed and that he should be released because, as Magistrate Judge Kelly determined, appropriate conditions may be imposed that will assure his appearance at trial, and reasonably assure the safety of the community. Further, contrary to the Government's characterization as a violent felon, Dorsey contends that he has been convicted of only one disorderly conduct relating to intoxication, and DEA Special Agent Tom Cielecy testified at the detention hearing that he had no information concerning any violence that could attributed to Dorsey. In fact, Agent Cielecy testified that when Dorsey was arrested in Florida that he was cooperative and made no attempt to flee. And, notably, the Probation Office in the Southern District of Florida recommends that he be released pending trial. Thus, Dorsey claims that based upon these facts, he has rebutted the presumption of detention, Magistrate Judge Kelly was justified in granting pretrial release, and her Order setting bond with conditions of release should be affirmed.

### III. Standard of Review/Discussion

The legal procedure for reviewing a United States Magistrate Judge's decision regarding pretrial detention is governed by 18 U.S.C. § 3145, which states in pertinent part, that:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

The United States Court of Court of Appeals for the Third Circuit has determined that the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). Even though the new Bail Reform Act, 18 U.S.C. §3141, *et seq*, does not specifically

3

grant *de novo* review to the District Court, the United States Court of Appeals for the Third Circuit has found that, "nothing in the new Act suggests that Congress intended to change that practice." *United States v. Delker*, 757 F.2d at 1394. Finally, at the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa 1994).

The law governing the "presumption" of detention is as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which the maximum term of imprisonment is ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d. Cir. 1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.") *citing United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D. Pa. 1990). *United States v. Turner*, 2008 WL 4186212 *1 (W.D. Pa. 2008).

According to Section 3142(g), the following four factors must be considered:

(1) the nature and circumstances of the offense;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community; drug abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense; and

(4) the nature and seriousness of the danger posed by the person's release.

In this case, the rebuttable presumption is triggered by the fact that Defendant has been charged with an offense proscribed in the Controlled Substances Act for which the maximum term of imprisonment is ten years or more (actually 20 years imprisonment). *See* 21 U.S.C. 801 *et seq*.

However, as stated above, Dorsey may rebut this presumption by presenting "some credible evidence that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 599, 560 (3d Cir. 1986). To this end, the Court should consider the four factors listed above, and if at the end of this analysis, the defendant rebuts the presumption, the burden shifts back to the government to prove the defendant poses a threat of flight and a threat of dangerousness to the community. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

This Court has reviewed the transcript of the proceedings conducted by Magistrate Judge Kelly, has considered the additional information and material set forth in the parties' briefs, and in accordance with the guidelines set forth in the Bail Reform Act, this Court finds that Dorsey has rebutted the statutory presumption.

Although factors one (1) and two (2) above (the nature and circumstances of the offense and the weight of the evidence) appear to weigh in favor of detention because of the significant quantity of contraband, and the allegations regarding defendant's alleged role in the conspiracy is not minimal, factors three (3) and four (4) weigh against detention.

With respect to factor three (3), as Magistrate Judge Kelly found, and this Court agrees, Dorsey has no significant prior criminal record that would show a predisposition for violence. Dorsey is 32 years old and was raised in the Western District of Pennsylvania until his parents divorced which resulted in his relocation to the Southern District of Florida at the age of 19. Notably, Dorsey has a history of steady employment, which currently includes his own

5

registered Florida business of "LJD Pressure and Window Cleaning," and the record demonstrates that he has close ties to his family (who primarily reside within the Western District of Pennsylvania). While Defendant does have some history of drug abuse, a condition of release requiring substance abuse therapy would be sufficient to address this concern. Also, the DEA agent who arrested Dorsey testified that upon his arrest in Florida, Dorsey was cooperative in the investigation and made no attempt to flee.

Further, with respect to factor four (4), the evidence presented at the detention hearing refutes the presumption of a risk of flight. When it enacted the Bail Reform Act, Congress held hearings and concluded that defendants involved in drug trafficking posed a peculiar risk of flight. It found that drug traffickers often establish contacts in other countries which would allow them to flee with relative ease. Moreover, due to the lucrative nature of drug trafficking, Congress concluded that the forfeiture of a bond is simply a cost of doing business. *See generally* S.Rep. No. 225, 98th Cong. 1st Sess. 20 (1983) *reprinted in* 1984 U.S. Code Cong. & Admin. News pp. 23-24; *See also, United States v. Giampa* 755 F.Supp. 665 (W.D.Pa. 1990). Although it may be true that many accused of drug trafficking offenses pose a particular threat of flight, this generalization cannot be inflexibly applied to every case, and this Court does not find it to be particularly applicable here. Moreover, any concern over risk of flight has been effectively eliminated (or greatly reduced) by the condition of release requiring electronic monitoring and home detention. Further, this Court recognizes that the Pretrial Services Officer assigned to this case recommended pretrial release with the conditions outlined above.

Finally, this Court has considered the danger to the community if Dorsey is not detained pending trial. In the context of the instant case, the Court perceives dangerousness to the community to mean the risk that Dorsey will engage in further drug trafficking or other while on

release pending trial. The record does not support this conclusion, and again, the fact that the Pretrial Services Officer has recommended pretrial release is entitled to consideration.

In summary, this Court finds that the while the charges in this case give rise to a rebuttable presumption that Dorsey should be detained without bail, Dorsey's stable residence in the Southern District of Florida, close ties to his family, steady employment history, and insignificant prior criminal history rebut the presumption that no condition or combination of conditions could reasonably assure the safety of the community and his presence at trial. The burden of persuasion then fell upon the Government to prove by clear and convincing evidence that Dorsey should be detained pending trial. It is the judgment of this Court, as it was the considered judgment of Magistrate Judge Kelly, that the Government has failed to meet this burden.

**IV.   Conclusion**

Accordingly, for the reasons set forth herein, this Court will AFFIRM the decision of United States Magistrate Judge Maureen P. Kelly setting pretrial release of Defendant. Doc. Nos. 105 and 108.

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties