IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                      Criminal No. 11-00158
                                                            ELECTRONICALLY FILED

   v.

DAVID WOOLEY,

       Defendant.

## MEMORANDUM OPINION

### I. Introduction

Pending before this Court is Defendant's (*Pro Se*) Motion Entitled "Notice of Appeal of Magistrate Decision by David Wooley as to Order of Detention." Doc. No. 326. The Court has thoroughly reviewed Defendant's (*Pro Se*) Motion, and the Government's Response to the Motion (doc. no. 332).[1] The Motion is now ripe for disposition. In light of Defendant's important liberty interest, the Court's review has been expedited.

### II. Background

The one-count Superseding Indictment in this criminal action alleges a drug conspiracy to distribute and possession with intent to distribute a quantity of Oxycodone, a Schedule II controlled substance, in violation of Title 21 United States Code Section 846, and names

---

[1] Since the instant Motion was filed *Pro Se*, and Defendant is currently represented by trial counsel, the Court ordered that counsel may file any additional factual support and/or legal argument by July 31, 2012. The Court notes that counsel did not file any additional response on Defendant's behalf. Because defense counsel took no position on the pending Motion, the Court was left with the decision of whether to strike Defendant's filing, or rule on it. In this instance only, the Court has decided to rule on the merits of the uncounseled Motion. The Court is not obligated to consider *pro s*e filings of this sort, and gives notice that it will decline any further *pro se* filings by Defendant who is represented by able trial counsel. *U.S. v. Turner*, 677 F.3d 570 (3d Cir. 2012).

Defendant Wooley, and eleven (11) other Co-Defendants. If convicted, Wooley faces a maximum of thirty (30) years imprisonment.

On July 11, 2012, following a second detention hearing, United States Magistrate Judge Mitchell denied Defendant's motion to reinstate pretrial release pending trial. On the same date, Magistrate Judge Mitchell entered an Order releasing Co-Defendant James Cracraft on an unsecured $50,000 bond.

On July 19, 2012, Defendant filed a (*Pro Se*) Notice of Appeal from Magistrate Judge Mitchell's Order, and requested the Court "review [his] case." In support thereof, Defendant argues that he was denied bail while two of his Co-Defendants were released on bail, and he has been in jail for the past 12 months and most of his Co-Defendants obtained bond, despite their prior drug convictions.

In response, the Government emphasizes that Defendant had his original detention hearing before then Magistrate Judge Cathy Bissoon on July 21, 2011, and the evidence presented at the hearing thereon was that Wooley was the driver of a car from which $158,409 was seized, and Defendant allegedly admitted that he was transporting the cash for oxycodone supplier Co-Defendant Dorsey, in Florida. Defendant also stated that he made two prior trips to Florida and had purchased 13,000 pills from Dorsey.

### III. Standard of Review/Discussion

The legal procedure for reviewing a United States Magistrate Judge's decision regarding pretrial detention is governed by 18 U.S.C. § 3145, which states in pertinent part, that:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (2) the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The United States Court of Court of Appeals for the Third Circuit has determined that the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). Even though the new Bail Reform Act, 18 U.S.C. §3141, *et seq.*, does not specifically grant *de novo* review to the District Court, the United States Court of Appeals for the Third Circuit has found that, "nothing in the new Act suggests that Congress intended to change that practice." *United States v. Delker*, 757 F.2d at 1394. Finally, at the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa 1994).

The law governing the "presumption" of detention is as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which the maximum term of imprisonment is ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d. Cir. 1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.") *citing United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D. Pa. 1990). *United States v. Turner*, 2008 WL 4186212 *1 (W.D. Pa. September 5, 2008)(Schwab, J.).

According to Section 3142(g), the following four factors must be considered:

(1) the nature and circumstances of the offense;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community; drug

3

>abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense; and
>(4) the nature and seriousness of the danger posed by the person's release.

In this case, the rebuttable presumption is triggered by the fact that Defendant has been charged with an offense proscribed in the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. *See* 21 U.S.C. Section 801 *et seq*. As stated above, Wooley may rebut this presumption by presenting "some credible evidence that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 599, 560 (3d Cir. 1986). To this end, the Court should consider the four factors listed above, and if at the end of this analysis, Defendant rebuts the presumption, the burden shifts back to the Government to prove Defendant poses a threat of flight and a threat of dangerousness to the community. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

This Court has reviewed the original Detention Order set by Magistrate Judge Bissoon (doc. no. 69), which Defendant did not appeal, and the subsequent Order by Magistrate Judge Mitchell, and has considered the additional information and material set forth in the parties' briefs, and in accordance with the guidelines set forth in the Bail Reform Act, this Court finds that Wooley failed to rebut the statutory presumption because all four (4) of the above factors way in favor of detention.

Magistrate Judge Bissoon found in the original Detention Order that there was probable cause to believe an offense for which a maximum sentence of ten (10) years or more is prescribed; Wooley had not rebutted the presumption of risk of flight and danger to the community; Defendant had no history of significant employment, and had a significant criminal history, including a felony conviction for statutory sexual assault; many of Wooley's offenses

occurred while he was on bond, probation or parole supervision, and when arrested, the agents seized a firearm from under Defendant's pillow. Doc. No. 69. Again, Defendant took no appeal from the original Order of Detention, and after a Superseding Indictment was filed, on July 3, 2012, Defendant filed the instant Motion.

On July 11, 2012, Magistrate Judge Mitchell conducted a hearing thereon, and Defendant's mother was the sole witness who testified that if released, Defendant could reside with his parents. The Government opposed Defendant's release, and cited Magistrate Judge Bissoon's original Order on Detention, pretrial services' recommendation of detention, and the language of the Bail Reform Statute. 18 U.S.C. § 3142(f)(2)(B).

According to 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened before or after a determination by the judicial officer, at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community.

The Government contends that Wooley failed to present any information that was unknown to him at the time of the original detention hearing. The sole witness to testify, Wooley's mother, stated that Wooley could reside with her, and that the gun found under Wooley's pillow at the time of his arrest belonged to her. These two facts, without more, do not justify or have "a material bearing" on whether there are conditions of release that will reasonably assure the safety of others, and Defendant's appearance.

Indeed, Magistrate Judge Mitchell concluded that there was "no evidence presented which would warrant a change in the prior decision." Further, Magistrate Judge Mitchell stated

that Defendant had two prior parole violations, and has an extensive record including the offense allegedly committed while on bond.

As for Wooley's contention that some of his Co-Defendants are free on bond, while correct, is not relevant to the consideration of whether there are conditions of release that will reasonably assure the safety of others and Defendant's appearance. (The Court notes, however, that approximately four of his Co-Defendants are detained.) Irrespective thereof, pretrial release of a Defendant is based upon a variety of factors, all of which are specific to the individual Defendant and take into account issues including role in the offense charged, prior criminal history, and arrests while on bond.

After an independent review of the findings of Magistrate Judges Bissoon and Mitchell, Defendant's arguments in support of his position, and the Government's response thereto, the Court finds no reason to reverse the determinations of both Magistrate Judges, that Defendant be detained pending trial.

**IV.     Conclusion**

Accordingly, for the reasons set forth herein, this Court will AFFIRM the decision of United States Magistrate Judge Mitchell continuing the Order of Detention. Doc. No. 325.

An appropriate Order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties